Edw. N. Heiser, Akron, and Burroughs & Burroughs, Akron, for the Motion.

Slabaugh, Seiberling, Huber & Guinther, Akron, Contra.

**GUSTAKI, Admr. v NORRIS, et**

Ohio Appeals, 9th Dist, Summit Co

No 2976.  Decided March 21, 1938

### OPINION

By DOYLE, J.

This case was instituted in the Court of Common Pleas of Summit county by George Gustaki, administrator of the estate of Savos Gustaki, against Clarence S. Norris, Howard E. Norris and Richard C. Norris, partners transacting business under the partnership name of C. S. Norris & Sons.

It was there claimed by the plaintiff that, as a proximate result of the negligent operation of a motor truck by the

defendant Howard Norris while acting in the course of the business of the partnership, the plaintiff's decedent, Savos Gustaki, was killed. The suit was for damages for wrongful death under the statute.

Issues were joined by the pleadings of the defendants, a trial was had, and the cause was submitted to a jury, which later was discharged from further consideration of the case because of its inability to reach an agreement.

The record reveals that when the plaintiff had rested his case, and also at the conclusion of all of the evidence, the defendants moved the court for a directed verdict. In each instance the motion was overruled.

The jury was dismissed on the 2nd of December, 1936, and on the following day, December 3, 1936, the following motion was filed by the defendants:

"No verdict or judgment having been rendered or awarded in this case, and all of the evidence having been submitted herein, the defendants renew their motion for the direction of a verdict in their favor and move that the court give further consideration to such motion and now allow the same."

This motion was overruled by the trial court eleven months later, to-wit, on the 1st day of November, 1937.

A "notice of intention to appeal" was filed by the defendant Howard E. Norris on the 5th day of November, 1937, "from the order of said court***wherein, on the___day of November, 1937, a motion for judgment in his favor was overruled and an order made that the cause of action be retried." The appeal is prosecuted in this court on questions of law.

It is claimed by the appellant that the appeal "presents the question as to whether there was error on the part of the trial judge in failing to direct a verdict in favor of the defendants at the conclusion of the plaintiff's evidence or at the conclusion of all of the evi-

dence and to render judgment in favor of said defendants without submitting the cause to a jury."

In due time, after the above notice of "intention" to appeal was filed, there was filed in this court the following motion:

"Now comes the appellee and moves that the appeal herein be dismissed on the ground that the order appealed from is not a final order."

A ruling on that motion is determinative of the appeal.

Sec. 11601, GC, as amended, which permits a trial court to render judgment after trial in favor of the party entitled by law to a judgment in his favor, either upon the statements in the pleadings or upon the evidence received during the trial, was not in force when this action was commenced, the effective date of the amended statute being September 2, 1935, and the summons on the petition (although the cause was tried in December, 1936) having been issued on August 30, 1935. The procedure of the trial court was therefore governed by the statute before its amendment.

Sec. 26, GC. Smith v The New York Central Rd. Co., 122 Oh, St 45.

The statute prior to its amendment supra read:

"When, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party."

The pleadings alone in the case do not warrant a judgment for either party. And even though the trial judge may have erroneously passed upon the motions for a directed verdict, which motions were in the nature of demurrers to the evidence, he was powerless to rectify his mistake after the jury had been discharged from further

consideration of the case. The court, under the statute before its amendment, had no authority to again review the evidence. Nor did it possess such authority as an inherent right.

**The B. & O. Rd. Co. v Nobil, 85 Oh St 175.**

It is the judgment of this court that the ruling on the motion which was filed after the jury was discharged was not a final order, and that therefore appeal could not be prosecuted therefrom, and that appellant has not appealed within the statutory time from the rulings of the trial court upon the appellant's motion for a directed verdict at the conclusion of all of the evidence.

Appeal dismissed.

STEVENS, PJ, and WASHBURN, J, concur.